### EVANS TRANSP. CORP. v. THE COMET.

### The ALLEN N. TERBELL.

#### No. 17871.

United States District Court
E. D. New York.

Dec. 7, 1950.

Macklin, Speer, Hanan & McKernan, New York City, for libellant, Gerald J. McKernan, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, for respondent, Thomas J. Irving, New York City, of counsel.

INCH, Chief Judge.

This is an action in rem by the chartered owner of the gas lighter Allen N. Terbell against the tug Comet for damage sustained by the lighter in striking a pier while being towed by the tug.

On the early morning of February 15, 1946, the lighter Terbell was safely mored on the inside of Pier 38 in the Atlantic Basin at Brooklyn, New York. The entrance of the Basin is formed by a gap between the ends of Piers 38 and 33 which are parallel to the shore and which shelter the basin. The lighter Terbell being moored to the inside of Pier 38, starboard side to, was thus in a safe berth, sheltered from the wind, sea and tide outside the Basin. Concededly, on the morning of February 15, 1946, the wind was of gale proportions with a fast ebbing tide and rough seas. Apparently, the harbor master at the Basin ordered the captain of the tug Comet to move the lighter Terbell from its safe berth in the Basin to an exposed berth on the outside of Pier 38. Consequently, at about 10 a. m. the tug Comet took the lighter Terbell in tow, stern first, port side to port side, and moved her from the inside of Pier 38, through the gap between the piers sheltering the Basin, to the outside of Pier 38. The preponderance of the credible evidence establishes that after coming out into the exposed channel, the tow encountered the strong wind, rough sea and heavy tide with the result that the Comet's bowline broke, and the Terbell's starboard stern corner was driven

72

against the outside of Pier 38, causing the damage claimed.

On the trial, the captain of the tug Comet admitted that at the time he thought it was unsafe to tow the Terbell outside the Basin. He claimed that before moving the lighter he warned its captain of the danger involved, but that the lighter captain insisted on being moved out of the Basin. However, after observing the witnesses, and in view of the other circumstances presented in the record, I choose to believe the testimony of the lighter captain to the effect that it was only over his protest that the lighter was moved. Thus I find that in spite of a northwest gale, rough seas and an ebbing tide the captain of the tug Comet, with full knowledge of the risk involved, undertook, over the protest of the Terbell's captain, to maneuver the lighter from its sheltered position inside Pier 38 to the dangerous exposed water outside Pier 38. The Comet must be held to have been at fault in undertaking to shift the lighter under such conditions.

Claimant takes the position that the damage to the Terbell was caused by pounding against the outside of Pier 38 after having been placed there by the Comet and that the liability for such damage rests solely with the harbor master who ordered the Terbell to be placed there. The evidence presented, however, satisfies me that the damage in question was caused when the Comet's bowline broke and the starboard stern corner of the lighter came into forceful contact with the pier and not that it resulted from any subsequent pounding against the pier.

Accordingly, libellant is entitled to a decree against the tug Comet for the damages claimed.

Findings of fact and conclusions of law are being filed simultaneously herewith.

Submit decree.

### Findings of Fact.

1. On February 15, 1946, the Evans Transportation Corporation was the chartered owner of the gas lighter Allen N. Terbell.

2. On the early morning of that day the said lighter was safely moored to the East side of Pier 38, Atlantic Basin, Brooklyn, New York.

3. At that time the Allen N. Terbell had not sustained any damage in the vicinity of its starboard stern corner for which damages are claimed in this action.

4. The wind in the forenoon of February 15, 1946 was northwest at 45 to 50 miles per hour, and the water was rough with a fast ebbing tide.

5. The tug Comet under orders of the harbor master of the Barber Steamship Lines undertook at about 10 a. m. to shift the lighter Terbell from the inside (East side) of Pier 38 to the outside (West side) of Pier 38.

6. The captain of the Comet thought it unsafe to tow the Terbell out of the Atlantic Basin on February 15, 1946.

7. The tug Comet, over the protest of the captain of the Terbell, took the Terbell in tow, stern first, port side to port side, and moved her from inside Pier 38 to the outside of Pier 38.

8. While engaged in said shifting operation and in coming out into the rough exposed waters outside the Atlantic Basin, the bowline of the Comet broke and the starboard stern corner of the Terbell was driven into the outside of Pier 38, causing the damage claimed.

9. The damage claimed was not caused by the Terbell's starboard side pounding against the outside of Pier 38 after it had been moored there by the Comet.

### Conclusions of Law.

I. The tug Comet was at fault in undertaking to tow the lighter Terbell outside the Atlantic Basin on February 15, 1946.

II. The lighter Allen N. Terbell and her captain were free from any negligence.

III. A decree herein should be entered in favor of libellant.